UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-GAS US HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FLAT OUT RECOVERY AND RECHARGE; AMERICAN REFRIGERANT SERVICES INC.; and IAN MEINDERSEE, <br><br> Defendants. | No. 2:24-CV-03319-TLN-CSK <br><br> **ORDER** |

This matter is before the Court on Defendants Flat Out Recovery and Recharge, American Refrigerant Services Inc., and Ian Meindersee's ("Defendants") *ex parte* Application to Stay Case. (ECF No. 20.) Plaintiff A-Gas US Holdings Inc. ("Plaintiff") filed an opposition. (ECF No. 21.) For the reasons set forth below, the Court GRANTS Defendants' *ex parte* application.

On October 22, 2024, Plaintiff filed suit against Defendants in the District of Columbia District Court alleging violations of the federal Clean Air Act and U.S. Environmental Protection Agency regulations ("D.C. Action"). (ECF No. 20-2 at 2.) On November 27, 2024, Plaintiff filed a substantively identical lawsuit in this Court. (ECF No. 1.) Both complaints are brought by the same Plaintiff, against the same Defendants, asserting the same claims, on the same factual bases. (ECF No. 1; ECF No. 20-2.) On December 20, 2024, Defendants filed a motion to dismiss the

1

1  D.C. Action.  (ECF No. 20-3.)  Plaintiff sought and received a 30-day extension of time to file its
2  opposition to Defendants' Motion to Dismiss, making its opposition due February 3, 2025, and
3  Defendants' reply due February 17, 2025.  (ECF No. 20 at 5.)  On January 6, 2025, Plaintiff filed
4  a motion for partial summary judgment in the instant case.  (ECF No. 16.)  Defendants'
5  opposition to Plaintiff's Motion for Partial Summary Judgment is currently due January 20, 2025.
6  Defendant filed the instant *ex parte* application to stay this case on January 7, 2025.  (ECF No.
7  20.)  Plaintiff filed an opposition on January 9, 2025.  (ECF No. 21.)

8  Defendant argues the instant case should be stayed pending the outcome of the first-filed
9  D.C. Action because the cases are duplicative.  (ECF No. 20 at 4.)  Further, Defendant argues *ex*
10 *parte* relief is warranted because Plaintiff's Motion for Partial Summary Judgment filed in this
11 case created an impending opposition deadline of January 20, 2025.  (*Id.*)

12 In opposition, Plaintiff argues Defendants violated the Court's Civil Standing Order § 4A,
13 which requires the parties to meet and confer to thoroughly discuss the substance of the
14 contemplated motion and any potential resolution.  (ECF No. 21 at 2–3.)  Further, Plaintiff
15 contends it was forced to "protectively" file a complaint in this Court, creating "parallel pending
16 cases," because Defendants refused to consent to transfer the D.C. Action to this Court.  (*Id.* at 4–
17 5.)  Finally, Plaintiff argues a stay would be disruptive and inefficient as the case is "ripe for
18 summary disposition."  (*Id.* at 5.)

19 The first-to-file rule is a "generally recognized doctrine of federal comity which permits a
20 district court to decline jurisdiction over an action when a complaint involving the same parties
21 and issues has already been filed in another district."  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678
22 F.2d 93, 94–95 (9th Cir. 1982).  The rule is meant to "avoid placing an unnecessary burden on the
23 federal judiciary, and to avoid the embarrassment of conflicting judgments," and "should not be
24 disregarded lightly."  *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th
25 Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*,
26 836 F.3d 987 (2016).  "It provides that where substantially identical actions are proceeding in
27 different courts, the court of the later-filed action should defer to the jurisdiction of the court of
28 the first-filed action by either dismissing, staying, or transferring the later-filed suit."  *SAES*

1   *Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002).  The rule reflects
2   the common-sense proposition that "when two identical actions are filed in courts of concurrent
3   jurisdiction, the court which first acquired jurisdiction should try the lawsuit."  *Pacesetter Sys.*,
4   678 F.2d at 95; *Halo Elecs., Inc. v. Bel Fuse Inc.*, No. C-07-06222 RMW, 2008 WL 1991094, at
5   *2 (N.D. Cal. May 5, 2008).

6         As a threshold matter, the Court finds *ex parte* relief is warranted because of Defendants'
7   impending deadline of January 20, 2025, to oppose Plaintiff's Motion for Partial Summary
8   Judgment.  Further, the Court finds that *ex parte* relief serves the interests of judicial economy.

9         Moreover, Defendant correctly points out — and Plaintiff does not dispute — that the
10  complaint before this Court was filed after the D.C. Action, involves the same parties as the D.C
11  Action, and asserts the same claims as the D.C. Action.  (ECF Nos. 1; ECF No. 20-2.)  Further,
12  Plaintiff fails to persuade the Court that it would be unduly prejudiced by a stay as it is already
13  litigating the same case against Defendants in D.C.  Indeed, Plaintiff sought and received from a
14  30-day extension of time to file an opposition to Defendants' pending motion to dismiss in the
15  D.C. Action.  (ECF No. 20 at 7.)  Thus, pursuant to the first-to-file rule and this Court's inherent
16  power to control the disposition of cases on its docket, the Court GRANTS Defendants' *ex parte*
17  Application to Stay Case in the interest of judicial economy.  *Landis v. N. Am. Co.*, 299 U.S. 248,
18  254 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (1962) ("A district court has inherent power
19  to control the disposition of the causes on its docket in a manner which will promote economy of
20  time and effort for itself, for counsel, and for litigants.").

21        For the above reasons, Defendants' *ex parte* Application to Stay Case (ECF No. 20) is
22  GRANTED.  The case is stayed pending resolution of the D.C. Action, and Plaintiff's Motion for
23  Partial Summary Judgment (ECF No. 16) is DENIED without prejudice to refiling when the stay
24  is lifted.  The parties shall file a joint statement no later than 15 days after the resolution of the
25  D.C. Action.  The Clerk shall administratively close the file.
26  //
27  //
28  //

IT IS SO ORDERED.

Date: January 17, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4