UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A-GAS US HOLDINGS, INC., | No. 2:24-cv-03319-TLN-CSK |
| Plaintiff, | |
| v. | **ORDER** |
| FLAT OUT RECOVERY AND RECHARGE; AMERICAN REFRIGERANT SERVICES INC.; and IAN MEINDERSEE, | |
| Defendants. | |

This matter is before the Court on Plaintiff A-Gas Holdings, Inc.'s ("Plaintiff") Motion for Summary Judgment.  (ECF No. 25.)  Also before the Court is Defendants Flat Out Recovery and Recharge ("Flat Out"), American Refrigerant Services Inc., and Ian Meindersee ("Meindersee") (collectively, "Defendants") Motion to Dismiss.  (ECF No. 26.)  Both motions are fully briefed. (ECF Nos. 27, 30–32.)  For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 26) and DENIES Plaintiff's Motion for Summary Judgment (ECF No. 25) as moot.

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from alleged violations of the United States Environmental Protection Agency's ("EPA") regulations under the Clean Air Act.  Plaintiff is a seller, servicer, and reclaimer in the refrigeration services industry.  (ECF No. 1 ¶ 7.)  Meindersee was formerly employed by Plaintiff as a business development leader until approximately September 24, 2020.  (*Id.* ¶ 27.)  After Meindersee's separation from Plaintiff, he began operating Flat Out as a refrigerant recovery and reclaiming business.  (*Id.* at ¶¶ 43, 46.)  Plaintiff alleges Defendants stole, self-manufactured, assembled, and altered proprietary refrigerant recovery and recycling equipment, and the equipment is not legally certified under EPA regulations.  (*Id.* ¶ 3.)  Plaintiff further alleges by using equipment that is not properly designed and certified to prevent the escape of refrigerant chemicals, Defendants' illegal practices jeopardize the Earth's ozone layer, exacerbate global warming, worsen public health exposure to ultraviolet radiation and dangerous heat levels, and pose a safety danger to property, personnel, and the general public.  (*Id.* ¶ 5.)

On November 27, 2024, Plaintiff brought this action asserting violations of the Clean Air Act and civil conspiracy.  (ECF No. 1.)  On January 23, 2025, Plaintiff filed its Motion for Summary Judgment.  (ECF No. 25.)  On January 31, 2025, Defendants filed their Motion to Dismiss.  (ECF No. 26.)  As will be discussed, the Court concludes this action should be dismissed.  Therefore, the Court only addresses Defendants' Motion to Dismiss and does not address Plaintiff's Motion for Summary Judgment.

## II. STANDARD OF LAW

A motion under Federal Rule of Civil Procedure ("Rule") 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint.  Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  If a plaintiff lacks standing under Article III of the United States Constitution, then the Court lacks subject matter jurisdiction and the case must be dismissed.  To satisfy Article III standing, a plaintiff must allege: (1) an injury-in-fact that is concrete and particularized, as well as actual or imminent, not conjectural or hypothetical; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is redressable by a favorable

1  judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016) *as revised* (May 24,
2  2016); *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). Plaintiff bears the
3  burden of proof and must "clearly . . . allege facts demonstrating each element." *Spokeo, Inc.*,
4  136 S. Ct. at 1547 (internal quotations omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 518
5  (1975)).

### III. ANALYSIS

Defendants argue the Court should dismiss this action because Plaintiff lacks standing. (ECF No. 26 at 9.) Defendants' arguments regarding causation and redressability are entirely derivative of their arguments regarding injury-in-fact. As such, the Court only considers whether Plaintiff has alleged a cognizable injury-in-fact.

Defendants argue Plaintiff does not allege any injury to itself stemming from Defendants' alleged EPA violations and accordingly cannot satisfy the first requirement for standing. (*Id.* at 10–12.) Defendants contend the only injury Plaintiff alleges is an injury to the United States, the general public, and the environment. (*Id.* at 10.) Defendants argue allegations of generalized harm are insufficient to confer standing. (*Id.*)

In opposition, Plaintiff argues it has sufficiently alleged a competitive injury-in-fact. (ECF No. 27 at 7–12.) Specifically, Plaintiff argues Defendants' illegal activities harm Plaintiff and every competitor in the refrigerant servicing market because Defendants compete in the market without the proper equipment and without spending the resources to comply with the Clean Air Act. (*Id.* at 7.) Plaintiff contends harm to the economic interests of business competitors is sufficient to confer standing. (*Id.* at 8.) Plaintiff argues, in the alternative, 42 U.S.C. § 7604 ("§ 7604") establishes the right of any person to commence a citizen suit in the capacity of a private attorney general regarding violations of emission standards under the Clean Air Act and vests jurisdiction in district courts to hear such cases. (*Id.* at 14 (citing *Metropolitan Washington Coal. For Clean Air v. D.C.*, 511 F.2d 809, 814 (D.C. Cir. 1975)).) Thus, Plaintiff contends citizen suit plaintiffs are proper parties, regardless of their own injury, to bring enforcement actions. (ECF No. 27 at 16.)

The Cout finds Plaintiff has not alleged an injury-in-fact to confer standing. Plaintiff

1    makes no statement as to injury in the factual allegations or causes of action for violations of the
2    Clean Air Act.  Instead, the only allegation of injury in the Complaint is made with respect to the
3    conspiracy claim, and there the injury is only to "[t]he United States and the general public []."
4    (ECF No 1 ¶ 100.)  While Plaintiff asserts its allegations of Defendants' illegal business activities
5    "support an inference" that Plaintiff has an injury-in-fact (ECF No. 27 at 8), Article III standing
6    requires more than an inference.

7          The only other allegations relevant to an injury are: "By using recovery equipment that is
8    not properly designed and certified to prevent the escape of refrigerant chemicals, Defendants'
9    illegal practices inter alia jeopardize the Earth's ozone layer, exacerbate global warming, and
10   worsen public health exposure to ultraviolet radiation and dangerous heat level.  Defendants' use
11   of uncertified recovery equipment also poses a safety danger to property, personnel, and the
12   general public."  (*Id.* ¶ 5.)  The relevant showing for purposes of standing, however, is not injury
13   to the environment but injury to the plaintiff.  *Friends of the Earth, Inc. v. Laidlaw Environmental*
14   *Services (TOC), Inc.*, 528 U.S. 167, 181 (2000).  Plaintiff's Complaint is devoid of any facts
15   regarding injury to it, and the Court will not assume facts that have not been alleged.  *Associated*
16   *Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

17         Further, the Court is not persuaded by Plaintiff's alternative argument that an injury to a
18   plaintiff is not required in a citizen suit.  While § 7604 establishes the right of any person to
19   commence a citizen suit in the capacity of a private attorney general to enforce environmental
20   standards under the Clean Air Act, the language of the statute does not address, let alone dispense
21   of, the Article III standing requirement.  Plaintiff directs the Court to the D.C. Circuit's opinion in
22   *Metropolitan Washington* for the proposition that no injury is required under § 7604, but in the
23   time following that opinion, the Supreme Court confirmed that injury-in-fact is an "irreducible
24   constitutional minimum" that must be satisfied in every case brought in federal court.  *Lujan v.*
25   *Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  This Court cannot reconcile the DC Circuit's
26   opinion with the Supreme Court's clear mandate that plaintiffs must allege an injury-in-fact. The
27   Court therefore declines to follow *Metropolitan Washington*.  511 F.2d at 814.

28         Based on the foregoing, Plaintiff fails to sufficiently allege an injury-in-fact to confer

1  standing.  However, the Court cannot determine at this juncture that "the pleading could not
2  possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.
3  2000).  Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint is GRANTED with
4  leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss (ECF No. 26) with leave to amend and DENIES Plaintiff's Motion for Summary Judgment (ECF No. 25) as moot.  Plaintiff may file an amended complaint — only to cure the deficiencies addressed herein — not later than thirty (30) days from the date of electronic filing of this Order. Defendants' responsive pleading is due twenty-one (21) days after Plaintiff files an amended complaint.  If Plaintiff opts not to file an amended complaint, the Clerk of Court will close this matter.

IT IS SO ORDERED.

Date: September 8, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5